## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

YINESKA ROLLIN,
*on behalf of herself and all others*
*similarly situated*,

Case No.:

      Plaintiffs,

v.

CACH, LLC, *a foreign limited liability*,          **CLASS**
*company* , FEDERATED LAW GROUP,          **REPRESENTATION**
PLLC, *a Florida professional limited,*          **(Unlawful Debt**
*liability  company,* and BRYAN MANNO*,*          **Collection Practice)**
*an individual*,

      Defendants.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, YINESKA ROLLIN (hereinafter, "Plaintiff"), by and

through the undersigned counsel, on behalf of herself and all others similarly situated,

and sues Defendants, CACH, LLC, (hereinafter, "CACH"), FEDERATED LAW

GROUP, PLLC (hereinafter, "FLG"), and BRYAN MANNO (hereinafter, "Manno")

(hereinafter collectively, "Defendants").  In support thereof, Plaintiff alleges:

## PRELIMINARY STATEMENT

1.     This is a class action brought pursuant to Rule 23, Federal Rules of Civil

Procedure, against Defendants for their routine and systematic violations of the Fair Debt

Collection Practices Act, 15 United States Code, Section 1692, *et seq.* ("FDCPA").

Specifically, Defendants uniformly attempt to collect consumer debts via Court Filings,

as defined herein, throughout the State of Florida.   These Court Filings convey

1

information to Florida consumers in Defendants' attempts to collect consumer debts from Plaintiff and Class Members by improperly and illegally:

    a.      making false, deceptive, or misleading representations;

    b.      falsely representing the amount due on the Debt by asserting a legal right to contractual interest (e.g., "default interest") by unlawfully including  the same in the amount of debt alleged due at the time the court filings were filed and served;

    c.      collecting the debt in unfair or unconscionable means; and

    d.      attempting to collect an unauthorized amount (e.g., contractual or default interest) included within the Debt.

Defendants' actions unlawfully deceive and mislead consumers when attempting to collect the debts through unfair or unconscionable means, by impermissibly increasing the amount of debts due from already financially strapped Florida consumers without the lawful ability to do so.

**<u>PARTIES, JURISDICTION & VENUE</u>**

2.      At all times material, Plaintiff was and is a resident of the State of Florida, living in Pinellas County.  This Court has personal jurisdiction over Plaintiff because she submits to the jurisdiction of this Court.

3.      The FDCPA violations at issue in this action occurred in Pinellas County, Florida, thereby conferring jurisdiction on the United States District Court for the Middle District of Florida, pursuant to 15 United States Code, Section 1692k(d), 28 United States Code, Section 1337.

4.     Venue in this District is proper because Plaintiff resides here and because Defendants drafted, filed and served Court Filings (other than the initial complaint) in an attempt to collect a consumer debt on Plaintiff and on other consumers in this District.

5.     This Court has personal jurisdiction over Defendants because Defendants filed Court Filings in a State of Florida court proceeding, and served the Court Filings to an address located in Pinellas County, Florida.

6.     Other putative Class Members throughout the State of Florida and Pinellas County also received, and were served with, the Court Filings from Defendants.

7.     Defendant CACH is limited liability company existing under the laws of the State of Colorado, that itself buys debts and, through its employees, representatives and third-parties, including but not limited to, law firms like Defendant FLG, regularly collect debts allegedly owed to another within Pinellas County, Florida, and throughout the State of Florida.

8.     Defendant FLG is a law firm and business association existing under the laws of the State of Florida, with a primary business address in Palm Beach County, Florida that, itself and through its employees and representatives, regularly collects debts allegedly owed to another within Pinellas County, Florida, and throughout the State of Florida.

9.     Defendant Manno is an individual, a licensed Florida attorney, and the managing member of the Federated Law Group, PLLC who, as the owner, agent, and representative of Defendant FLG, regularly collects debts allegedly owed to another within Pinellas County, Florida, and throughout the State of Florida.

10.     Any necessary conditions precedent to the bringing of this action have

either occurred or have been excused by the Defendants.

<u>**REPRESENTATIVE'S ALLEGATIONS**</u>

11.     Defendants are each a "debt collector," as that term is defined by the FDCPA, Section 1692a(6).

12.     Defendants each used interstate mail while engaging in a business the principal purpose of which is the collection of consumer debts allegedly due another.

13.     Defendants are also entities who regularly collect or attempt to directly or indirectly collect consumer debts owed or due, or asserted to be owed or due, another.

14.     Plaintiff is a "consumer," as that term is defined by the FDCPA, Section 1692a(3).

15.     Defendants' conduct, namely the Court Filings defined and complaint of below, qualifies as "communication," as that term is defined by the FDCPA, Section 1692a(2).

16.     Defendants acted by themselves, or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, lawyers, and insurers.

17.     At all times material, Defendants attempted to collect a debt, specifically an alleged delinquent credit card debt originally due to Bank of America, N.A. (at all times herein, the "Debt").

18.     At all material times herein, the Debt was consumer debt, an obligation resulting from a transaction or transactions for goods or services and was incurred primarily for personal, household or family use.

19.     Defendants routinely and systematically attempted to collect consumer

4

debts from Plaintiff and Class Members through the use of unlawful Court Filings, which have been more specifically defined herein.

20.    Defendant FLG files many hundreds, if not thousands, of debt collection lawsuits in counties throughout the State of Florida every year on behalf of Defendant CACH.

21.    Ninety percent or more of these debt collection lawsuits result in default judgments against consumers.  In such cases, there is little to no need for a Defendant FLG attorney to review supporting documents or take any other steps in ensure the truth or accuracy of the affidavits he or she is filing on behalf of its employer, Defendant FLG and Defendant Manno, or its client, Defendant CACH.

22.    The benefit to Defendants of insuring that any affidavits filed as part of a Court Filing is true and accurate is far outweighed by the cost of the staff and attorney time inherent in doing so.  In fact, upon information and belief, Defendants file debt collection lawsuits without having any access to the documents they would need to support their claim, even assuming that they wanted to review them to ensure the affidavits' accuracy.  *See e.g., infra*,  the Debt Collection Lawsuit.

23.    Nevertheless, Defendant CACH signs affidavits without personal knowledge or competency to swear to the fact contained therein.

24.    Further, Defendant FLG and Defendant Manno sign, file and serve Court Filings, alleging that consumer debtors owe precise dollar amounts and attach said Defendant CACH affidavits thereto swearing to the courts and to the consumer debtors that "after being duly sworn, declares under the penalty of perjury" that these precise amounts are "true and correct" based upon her knowledge as a "custodian of records of

[Defendant] CACH, including but not limited to the records of this account sent to [Defendant] CACH by the original creditor, Bank of America, N.A."

25.     Defendant CACH affidavits further attest, via sworn statements provided under penalties, that the aforementioned books and records are kept in the ordinary course of a regularly conducted business activity and are made either by a person having personal knowledge of the information contained therein or based on information conveyed by a person having personal knowledge of the information contained therein." Such statements, however, are made by a person via an affidavit that, on its face, clearly:

>   a.     demonstrates the affiant is not an employee of the entity within which such alleged records were made;

>   b.     demonstrates the affiant does not have personal, first-hand knowledge of how the records were made and maintained;

>   c.     is facially hearsay; and

>   d.     does not attach the documents to which the affiant is relying upon to make here "sworn" statement, as required by Florida law.

26.     At the time Defendant FLG and Defendant Manno sign the complaint and attach these affidavits for presentation to State of Florida courts and defendant-consumers, Defendants have full knowledge that the affiant has no personal knowledge of the:

>   a.     amount the defendant-consumers owed at the time of default;

>   b.     the annual percentage rate at any time during the relationship between the original creditor (e.g., Bank of America, N.A.) and the debtors, either when the debts were current or when they were in default;

c.      whether the contracts between the original creditors and the debtors permitted the original creditors to add late fees after default;

d.      whether the contracts between the original creditors and the debtors permitted the original creditors to add over-the-limit charges after default;

e.      whether the contracts between the original creditors and the debtors permitted the original creditors to add attorneys' fees and/or costs of collection to the alleged debt; and

f.      whether the contracts between the original creditors and the debtors permitted the original creditors to charge a contractual or "default interest rate" after the debts had been charged off and subsequently assigned.

*Defendants' Court Filings Attempt to Collect Unlawful and Impermissible Charges, Namely Contractual or "Default" Interest without Pursuing a Breach of Contract Claim in their Complaint or Statement of Claim*

27.     On or about August 29, 2012, Defendants filed a lawsuit against Plaintiff in an attempt to collect the Debt.  The lawsuit was filed in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, Case No.: 12-010641-CI (at all times herein, "Debt Collection Lawsuit").  Please see attached a true and correct copy of the Debt Collection Lawsuit and its attached exhibits labeled as **Exhibit A1-A14**.

28.     On or after August 12, 2010, Plaintiff's final periodic billing statement was allegedly sent to Plaintiff, showing Plaintiff her charged off balance, $14,561.32 (at all times herein, "Charge Off Statement").  Please see attached a true and correct copy of the

7

Charge Off Statement, a subset of the Debt Collection Lawsuit, labeled as **Exhibit A7-A12**.

29.     On or about August 31, 2010, Plaintiff's Debt was charged off by her original creditor.

30.     Defendants' Debt Collection Lawsuit has two counts: Count I - Unjust Enrichment and Count II - Account Stated.

31.     Plaintiff's alleged Debt to Defendant CACH is based upon a written contract, namely a cardmember agreement between Plaintiff and Bank of America, N.A.

32.     At no time herein did Defendants' Debt Collection Lawsuit assert a breach of contract count against Plaintiff.

33.     Defendants' Debt Collection Lawsuit does assert, however, an entitlement to a "default rate" of interest of 14.24% in both the Unjust Enrichment and Account Stated counts.

34.     Defendants assert an entitlement to, and try to collect through Court Filings, the "default rate" of interest (i.e., 14.24%) for an approximate six-month period of time, beginning February 10, 2012 and running through June 10, 2012.[1]

35.     At all times herein, Defendants attempted to collect $687.40 of "default rate" interest from Plaintiff, an amount that is included in the alleged $15,248.72 Debt.

36.     On or about June 25, 2013, Defendants filed a Motion for Summary Judgment, asking the Circuit Court for judgment on the Debt in an amount of $15,248.72.

---

[1] Indeed, the period of time over which the "default rate" interest is charged is unclear. Defendants' Complaint, on the one hand, asserts that the default interest is calculated through June 10 2012, while the Defendant CACH Affidavit on the other asserts that the default interest is calculated through August 9, 2012. In either circumstance, the default interest is in fact charged and included in Defendants' Debt collection efforts, with calculation commencing almost eighteen (18) months after Plaintiff's original creditor charged off the debt.

Please see attached a true and correct copy of Defendant CACH's Motion for Summary Judgment and its attached exhibits labeled as **Exhibit B1-B28**.

37.     Defendants attached to their Motion for Summary Judgment, mentioned immediately above, a document entitled "Affidavit of CACH, LLC Authorized Agent" (at all times herein, "Defendant CACH Affidavit") which set forth facts purporting to establish Plaintiff's alleged indebtedness to Defendant CACH.  Please see attached a true and correct copy of the Defendant CACH Affidavit labeled as **Exhibit B7-B8**.

38.     On or about June 6, 2014, in response to the Clerk of the Circuit Court's Notice of Lack of Prosecution of the Debt Collection Lawsuit, Defendants filed a Motion of Statement of Good Cause Showing Plaintiff's Debt Collection Lawsuit should not be dismissed (at all times herein, "Statement of Good Cause").  Please see attached a true and correct copy of Defendant CACH's Statement of Good Cause and its attached exhibits labeled as **Exhibit C1-C11.**

39.     Defendants' Statement of Good Cause included Defendants' Motion for Summary Judgment and the Defendant CACH Affidavit (at all times herein collectively defined, together with the Statement of Good Cause, as "Court Filing(s)"), and was filed in an attempt to collect the Debt—expressly including the "default interest" of $687.40 allegedly accrued after charge off and assignment of the Debt to Defendant CACH—from Plaintiff.

*Defendants' Court Filings Attempt to Collect the Debt through Use of Affidavits Defendants' Know or Should Have Known Were False and Unfair, as They Were Not Based Upon Affiant's Personal Knowledge*

40.     Defendants filed their Complaint, Motion for Summary Judgment, Defendant CACH Affidavit and Statement of Good Cause—the Court Filings—in an attempt to collect the Debt from Plaintiff.

41.     Defendants, however, knew or should have known from review of the face of the Defendant CACH Affidavit that Defendant CACH's affiant, Shaneka Sonnier, a custodian of records of Defendant CACH, was not currently and was never an employee of Plaintiff's original creditor, Bank of America, N.A., and therefore did not have the personal knowledge requisite to testify as to documents created and maintained over the course of several years at Bank of America; the documents which she allegedly relied upon were hearsay.

42.     Further, Defendants knew or should have known that in the Defendant CACH Affidavit, the affiant averred to records which Defendants neither submitted to the Court with the affidavit (e.g., the cardmember agreement which allegedly provided for "default rate" interest, etc.) nor to which she, as an employee of Defendant CACH, could testify as to their authenticity.

43.     Defendants' use of the Court Filings in their effort to collect the Debt, including contractual or default interest, from Plaintiff, as well as their use of the Defendant CACH Affidavit, violate multiple provisions of the FDCPA.

44.     By including in the Court Filings the Default Interest as part of the Debt that was allegedly due and owing, Defendants used a false, deceptive, and misleading representation of the character, amount, or legal status of the Debt in violation of 15 United States Code, Section 1692e(2)(A).

45. By including in the Court Filings the Default Interest as part of the "Debt" that was allegedly due and owing, Defendants used a false representation or deceptive means to collect or attempt to collect the Debt in violation of 15 United States Code, Section 1692e.

46. By including in the Court Filings the Default Interest as part of the Debt that was allegedly due and owing, Defendants used an unfair or unconscionable means to collect the Debt in violation of 15 United States Code, Section 1692f.

47. By including in the Court Filings the Default Interest as part of the Debt that was allegedly due and owing, Defendants collected an unauthorized amount in violation of 15 United States Code, Section 1692f(1).

48. Given Defendants' conduct and apparent intention and ability to continue to collect the Debt directly from Plaintiffs using the Court Filings in violation of the FDCPA, Plaintiffs have no adequate remedy at law.

49. Plaintiff has retained Leavengood, Dauval, & Boyle, P.A. (hereinafter, "Undersigned Counsel") as counsel for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

## CLASS ACTION ALLEGATIONS

50. Pursuant to 23(a) and 23(b)(3), Federal Rules of Civil Procedure, Plaintiff brings this class action on behalf of herself and all others similarly situated, constituting a class defined as:

> All consumer debtors who were served, directly or indirectly through their counsel, any court filings, in similar form, substance, or improper purpose as the Court Filings attached as Exhibit A1-A14, Exhibit B1-B28 and Exhibit

C1-C11, from Defendants, in an attempt to collect a debt through the Florida Courts, that included a contractual based interest rate when Defendants did not have a breach of contract claim or count pled in their underlying debt collection lawsuit, in violation of the FDCPA within a one-year period of time prior to the filing of this Complaint up through and including the present date (hereinafter, "Class Members" or "Class").

Excluded from the Class are all directors, officers, agents, and employees of Defendants and the courts to which this case may be assigned.

51.     All recipients of Court Filings or other filings in substantially the same form, namely the Class Members, are victims of the same improper and unlawful demands of Defendants.

52.     The number of potential Class Members is undetermined at this time, but can readily be determined from Defendants' records.  In light of the number of consumer debts Defendants collect in the State of Florida's Sixth Judicial Circuit alone, the Class most likely possesses thousands of members.[2]

53.     The Court Filings:

a.     use false, deceptive, and misleading representations and means in the collection of Plaintiff's and Class Members' respective debts by representing the authority to collect contractual (i.e., default rate interest) from Plaintiff's and Class Members' absent a breach of contract claim plead in their Florida debt collection lawsuit, in violation of 15 United States Code, Section 1692e;

---

[2] A quick survey of Sixth Judicial Circuit filings in and for Pinellas and Pasco Counties, Florida, in the year prior to the filing of this lawsuit, indicates that Defendants have filed approximately 433 debt collection lawsuits on defaulted, purchased debt.  Given the State of Florida's sixty-seven (67) counties, Defendants' lack of proximity to the Tampa Bay area, and the presence of three other major metropolitan areas (i.e., Orlando, Jacksonville, and Miami/Ft. Lauderdale), it is likely that the number of such debt collection lawsuits with inappropriate Court Filings is in the thousands.

12

b.      deceive consumers and misrepresent the amount of debts owed;

c.      demand payment of an unauthorized amount;

d.      cause Plaintiff and Class Members to incur and/or pay unlawful and unauthorized costs.

54.     This action is properly brought as a class action under Rule 23, Federal Rules of Civil Procedure, for the following reasons:

a.      The Class consists of hundreds, if not thousands, of persons so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

b.      There are questions of law and fact common to all Class Members relating to Defendants' actions relative to the Court Filings, which questions predominate over any question affecting only individual Class Members, including:

i.      Whether Defendants' Court Filings falsely represent the nature, character or amount of the debt;

ii.      Whether Defendants misrepresent the amount of the debts owed by including in its Court Filings interest which is not legally incurred, due or owed;

iii.      Whether Defendants collect debts through unfair or unconscionable means by requiring Class Members to pay interest which is not earned and incurred, and thus not legally due pursuant to contract or law;

iv.      Whether Defendants systemically include interest not yet

incurred or otherwise authorized by law in the Debts collected from Plaintiff and Class Members;

v.      Whether Defendants asserted contractual or default rate interest due in Court Filings without a breach of contract count plead at the time such contractual interest was asserted due and collected;

vi.      Whether Defendants used false, deceptive, or misleading means or representations in its collection of debts from Plaintiff and Class Members by using affidavits that did not affix the documents which affiant purportedly relied upon in making his or her "sworn" assertions;

vii.      Whether Defendants used false, deceptive, or misleading means or representations in its collection of debts from Plaintiff and Class Members by using affidavits wherein, on the face of the affidavit, it is apparent that the affiant could not authenticate documents used in making his or her "sworn" statements;

viii.      Whether Defendants used false, deceptive, or misleading means or representations in its collection of debts from Plaintiff and Class Members by using affidavits wherein, on the face of the affidavit, it is apparent that it would be impossible, based on affiants "sworn" statements, for the affiant to have personal knowledge regarding such statements made in furtherance of Defendants' attempts to collect debts;

ix.      Whether Plaintiff and Class Members are entitled to

statutory damages as a result of Defendants' unlawful debt collection practices described herein and in what amount; and

x.      Whether Plaintiff and Class Members are entitled to costs and attorneys' fees, and if so, in what amount.

55.    Defendants have acted, or refused to act, on grounds generally applicable to Class Members in that they have engaged in a routine and systematic course of conduct consisting of their utilization of the Court Filings, which are false, misleading and deceptive; attempt to collect debts through unfair or unconscionable means; and both falsely represent the amount of the Debt and collect an unauthorized amount.

56.    Plaintiff's claims are typical of the claims of the proposed Class Members, given the uniform nature and use of the Court Filings and the common legal and factual issues of whether the drafting, filing and serving of the Court Filings violate the FDCPA.

57.    More specifically, the Court Filings must be analyzed in part to assess whether Defendants falsely represented the total amount owed, and whether Defendants collected an unauthorized amount.

58.    Plaintiff is a member of the Class and is committed to prosecuting this action. Plaintiff has gathered and reviewed all relevant documents necessary for filing this case, and has, and will continue to proactively participate in this class litigation, thoroughly reviewing documents, asking questions and following the counsel of her lawyers for the benefits of the Classes she seeks to represent. Plaintiff will fairly and adequately protect the interests of Class Members.

59.    Adjudication of this case on a class-wide basis is manageable by this Court. The Court Filings were received by Plaintiff and Class Members throughout the

15

State of Florida.  The Court Filings, and Plaintiff's and Class Members' rights as they relate to the Court Filings, are the same or are so similar as to be legally and factually indistinguishable in all material aspects.  As a result, it will not be difficult for the Court or jury to objectively determine whether Defendants have violated the FDCPA.  This Court is an appropriate forum for this dispute.

60.     Plaintiff has retained as counsel attorneys who are competent and experienced in consumer, class action, and complex litigation.  More specifically, Plaintiff retained a firm whose members have specific expertise in consumer law, having represented consumers in over six hundred fifty (650) unlawful debt collection cases as lead counsel and as co-counsel in five (5) consumer-based class actions.  Plaintiff's counsel has experience in certifying class actions at the trial court level, defending certified classes on appeal, and assisting class representatives with all aspect of class action litigation.  Plaintiff's counsel will fairly and adequately represent Plaintiff and the interests of the Class Members.

61.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

> a.     given the size of the proposed classes, individual joinder of each Class Member's FDCPA claims is impracticable;

> b.     given the relatively small damages suffered by individual Class Members, as well as the unlikelihood that many Class Members will know their federal and state rights have been violated, most Class Members have little ability to prosecute an individual action due to the complexity of issues involved in this litigation and the significant costs attendant to

16

litigation on this scale;

c.      when Defendants' liability has been adjudicated, claims of all Class Members can be determined by the Court;

d.      this action will cause an orderly and expeditious administration of Class Members' claims, and economies of time, effort and expense will be fostered and uniformity of decisions will be ensured;

e.      other available means of adjudicating the claims of Plaintiff and Class Members—such as thousands of individual actions brought separately and pursued independently in courts throughout the State of Florida—are impracticable and inefficient;

f.      without a class action, Class Members will continue to suffer damages and the violations of law by Defendants will proceed without remedy while they continue their unlawful debt collection activities; and

g.      this action presents no difficulties that would preclude management by the Court as a class action.

62.     In the case of any action, 15 United States Code, Section 1692k provides for the award of up to $1,000.00 statutory damages per named Plaintiff, as well as actual damages.

63.     In the case of a class action, 15 United States Code, Section 1692k provides such amount as the court may allow for all other Class Members, without regard to minimum individual recovery, up to the lesser of $500,000 or 1 percent of each Defendants' net worth, as well as an award of attorneys' fees and costs, should Plaintiff prevail in this matter.

**COUNT ONE:**
**UNLAWFUL DEBT COLLECTION PRACTICES–**
**VIOLATION OF 15 U.S.C., SECTION 1692e, e(2)(A) and e(10)**

64.     Plaintiff re-alleges paragraphs one (1) through sixty-three (63), as if fully restated herein and further state as follows:

65.     Defendants are subject to, and have violated the provisions of, 15 United States Code, Section 1692e, e(2)(A) and e(10) by using false, deceptive, or misleading means or representations in attempting to collect the consumer debts.

66.     Specifically, the Court Filings falsely represent the total amount of Plaintiff's and Class Members' respective debts, by including contractual interest not lawfully incurred or earned, in an attempt to deceive and mislead Plaintiff and Class Members into paying more than is actually owed on their respective debts.

67.     The effect of including contractual or default rate interest not lawfully incurred or earned in the total amount of the Debt was to increase the total amount due, and thereby increase the debt collected from Plaintiff and Class Members.  For example, inclusion of default rate interest in Defendants' debt collection lawsuit filed against Plaintiff unlawfully added $687.40 to the total amount sought and allegedly due on the Debt.

68.     Furthermore, the Court Filings make the false, deceptive, and misleading representation that Defendants may rely upon affidavits that neither attached the documents that affiant allegedly relied upon in making her "sworn" statements nor were based upon information that affiant had personal knowledge of or could authenticate.

69.     Overall, all of Defendants' above-referenced actions constitute the use of false, deceptive, or misleading representations or means in attempting to collect Plaintiff's and Class Members' respective debts.

70.     As a direct and proximate result of Defendants' actions, Plaintiff and Class Members have sustained damages as defined by 15 U.S.C., Section 1692k.

**COUNT TWO:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1692f(1)**

71.     Plaintiff re-alleges paragraphs one (1) through sixty-three (63), as if fully restated herein and further state as follows:

72.     Defendants are subject to, and have violated the provisions of, 15 United States Code, Section 1692f(1) by attempting to collect an amount (including interest, fees, charges, or expenses incidental to the principle obligation) not expressly authorized by the agreement creating the debt or otherwise permitted by law.

73.     Specifically, Defendants intentionally included contractual of default rate interest in the total amount (i.e., the debt) purportedly owed by Plaintiff and Class Members.

74.     The effect of including contractual or default rate interest was to impermissibly increase the total amount of the Debts allegedly due, and thereby increase the Debts collected from Plaintiff and Class Members.

75.     Defendants included such contractual or default interest in the total amount of the Debts allegedly due from Plaintiff and Class Members despite not pleading a breach of contract claim in the Complaint or Court Filings.

76.     Defendants are not entitled to contractual or default rate interest—interest based on the contract with the original creditor—at any time after charge off and subsequent assignment to Defendant CACH, unless it both owns the debt and plead a breach of contract claim.

77.     The increase in the Debts collected from Plaintiff and Class Members, individuals that Defendants knew were already behind on payments and in financially vulnerable positions, was unlawful and not authorized by contract or law.

78.     As a direct and proximate result of Defendants' actions, Plaintiff and Class Members have sustained damages as defined by 15 U.S.C., Section 1692k.

## COUNT THREE:
## NEGLIGENT MISREPRESENTATION

79.     Plaintiff re-alleges paragraphs one (1) through sixty-three (63), as if fully restated herein and further state as follows:

80.     At all times material, by virtue of the business relationships between the parties, Defendants owed a duty to the public and to all parties with whom they communicated to accurately and completely convey information in all matters, specifically about the total amount of debt due, despite their own pecuniary interest at stake in their interactions with Plaintiff and Class Members.

81.     Defendant FLG and Defendant Manno, consisting of lawyer members of the Florida Bar, also have a duty under the Rules Regulating the Florida Bar, Rules 4-4.1 and 4-4.4, to refrain from making false or misleading statements of material fact or law to third persons, such as Plaintiff and Class Members.

82.     Defendant FLG and Defendant Manno breached their duties by making untrue, misleading and incorrect material statements in the Court Filings.

83.     Given the source of the misinformation, and the manner in which it was delivered, Plaintiff and Class Members were reasonably justified in relying on the information conveyed in the Court Filings, and the apparent superior knowledge that Defendant FLG and Defendant Manno would have regarding the amounts due under applicable law.

84.     As a result of these breaches of duty, Plaintiff and Class Members suffered pecuniary losses in the form of payment of amounts improperly and illegally requested, or having those amounts included in the Debt.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of the Defendants' actions and conduct, Plaintiff and Class Members respectfully request relief and a judgment:

a.     Declaring that this lawsuit is properly maintainable as a class action, certifying Plaintiff as representative of the Class, an order certifying the Class requested herein, and appointing undersigned counsel as attorneys for the Class;

b.     Declaring that communications, such as the Court Filings, violate the FDCPA;

c.     Declaring that the Defendant violated the FDCPA;

d.     Awarding maximum statutory damages allowed under the FDCPA;

e.     Awarding Plaintiff and Class Members attorneys' fees and costs; and

f.     Granting such relief the Court may deem just and proper.

## <u>SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE</u>

Plaintiff and Class Members hereby gives notice to Defendants and demand that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff and Class Members hereby demand a trial by jury on all issues triable by right.

Respectfully Submitted,

**LEAVENLAW**

 /s/ *Ian R. Leavengood*
**[X] Ian R. Leavengood, Esq., FBN 0010167**
**LEAD TRIAL COUNSEL**
**[  ] Aaron M. Swift, Esq., FBN 93088**
**[  ] G. Tyler Bannon, Esq., FBN 105718**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
aswift@leavenlaw.com
tbannon@leavenlaw.com
*Attorneys for Plaintiff and Class Members*