IN THE CIRCUIT COURT OF THE 6TH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

CASE NO.: 12010641CI

CACH, LLC,

      Plaintiff,

vs.

YINESKA M ROLLIN,

      Defendant.

_____/

## MOTION AND STATEMENT OF GOOD CAUSE SHOWING PLAINTIFF'S CAUSE OF ACTION SHOULD NOT BE DISMISSED

COMES NOW the Plaintiff, CACH, LLC, by and through its undersigned Counsel, and hereby files this Motion and Statement of Good Cause Showing Plaintiff's Cause of Action Should Not Be Dismissed and hereby states as follows:

1. On or about June 25, 2013, Plaintiff filed its Motion for Summary Judgment with the Court and upon counsel for Defendant. A copy of said Motion is attached hereto as Composite Exhibit "A".

2. However, due to clerical mistake and calendaring error, counsel for Plaintiff failed to set Plaintiff's Motion for Summary Judgment for hearing.

3. As a result, this Honorable Court entered its Notice of Lack of Prosecution on or about May 28, 2014.

4. Under Fla. R. Civ. P. 7.190(b)(1) the court may relieve a party from final judgment, order, or proceeding due to a party's mistake, inadvertence, surprise, or excusable neglect.

5. Plaintiff respectfully submits that said clerical mistake was excusable neglect and Plaintiff would be unjustly prejudiced if required to re-file this action.

6. Plaintiff hereby timely files this Motion and Statement of Good Cause in good faith and therefore requests this Honorable Court to allow Plaintiff's cause of action to stand.

WHEREFORE, Plaintiff, CACH, LLC, respectfully requests that this Honorable Court grant Plaintiff's Motion and Statement of Good Cause Showing Plaintiff's Cause of Action Should Not Be Dismissed and grant any such further relief as it deems just and proper.

(Certificate of Service on Following Page)

**EXHIBIT**

**C1**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Florida Rule of Judicial Adminstration 2.516, a true and correct copy of the foregoing has been furnished via electronic mail to Aaron Swift, Esq. at that attorney's designated email address(es).

Dated: June 06, 2014

/s_____
Bryan Manno, Esq.- 0414573
Jeremy A. Soffler, Esq. - 92059
Marc Canzio, Esq. - 106306
Tina Gayle, Esq. - 0636606
FEDERATED LAW GROUP, PLLC
13205 U.S. Highway 1, Suite 555
Juno Beach, Florida 33408
Tel: (888) 362-7684
Fax: (800) 391-2178
Document service e-mail:
bmanno@federatedlaw.com

**EXHIBIT**

**C2**


**FEDERATEDLAWGROUP, PLLC.**

**Attorneys for Federated Law Group, PLLC.**

• • •

**ATTORNEYS:**
Bryan Manno, Esq.
*Licensed in FL
Jeremy A. Soffler, Esq.
*Licensed in FL
Marc T. Canzio, Esq.
*Licensed in FL
Tina D. Gayle, Esq.
*Licensed in FL

Miguel A. Maza, Esq.
DBA Maza & Associates
*Licensed in PR
**Of Counsel

**MAIN OFFICE:**
13205 U.S. Highway 1 #555
Juno Beach, FL. 33408
**p. 877.304.0148**
**f. 800.391.2178**

**PUERTO RICO OFFICE:**
33 Bolivia St Suite 203
San Juan, PR 00917
**p. 877.304.0148**
**f. 800.391.2178**

**email:**
info@federatedlaw.com

**website:**
www.federatedlaw.com

Agents of the Firm speak
English, Spanish, and Creole

June 06, 2014

Clerk of the Court
Pinellas County Courthouse
315 Court Street
Clearwater, FL 33756

**RE:   CACH, LLC vs. YINESKA M ROLLIN**
**Case Number: 12010641CI**

Dear Clerk of the Court:

Pursuant to Court's Notice of Lack of Prosecution entered on May 28, 2014, enclosed please find the Motion and Statement of Good Cause Showing Plaintiff's Cause of Action Should Not Be Dismissed, and one (1) original and two (2) copies of a proposed Order with regards to the above-referenced matter.

Should you approve of the attached, we ask that you execute and send a copy to our office in the self-addressed, stamped envelope bearing our law firm's address. We would also kindly ask that you forward a copy of the executed Order to the Attorney for Defendant in the attached stamped envelope bearing his address.

Should you need anything further or have any additional questions, we ask that you contact us at the number above.

Thank you.

Respectfully,

Bryan Manno, Esq.
FEDERATED LAW GROUP, PLLC

cc:   Aaron Swift, Esq.

**EXHIBIT**

**C3**

# COMPOSITE

# EXHIBIT A

**EXHIBIT**

tabbies

**C4**

IN THE CIRCUIT COURT OF THE 6TH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

CACH, LLC,                                            CASE NO.: 12010641CI

      Plaintiff,

vs.

YINESKA M ROLLIN,

      Defendant.

_____/

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW the Plaintiff, CACH, LLC, by and through its undersigned Counsel, and moves this Honorable Court pursuant to Rule 1.510, Fla. R. Civ. P., for the entry of a Summary Judgment in its favor and against Defendant, YINESKA M ROLLIN, on the grounds that there is no genuine issue as to any material fact, and that Plaintiff is entitled to judgment as a matter of law. In support thereof, Plaintiff states the following:

1) There are no genuine issues as to any material fact and Plaintiff, CACH, LLC, is entitled to a Judgment as a matter of law based upon the pleadings, affidavits and discovery on file herein.

2) More specifically, Plaintiff, CACH, LLC, would show unto this Court that all of the factual allegations contained in Plaintiff's Complaint are undisputed as a result of the pleadings, affidavits and discovery on file herein. In addition, please see the Affidavit of the CACH, LLC, Authorized Agent in Support of Motion for Summary Judgment filed by Plaintiff, attached hereto as Exhibit A.

3) On or about October 28, 2003, Defendant entered into an agreement with the original creditor by accepting and using the credit account issued to Defendant, therefore being bound by any terms associated with the credit account. Defendant's periodic payments further established an admission of liability of the debt owed.

4) Plaintiff purchased the debt incurred by Defendant from the original creditor, and now owns and holds all rights relative thereto. Accordingly, Plaintiff is lawfully entitled to enforce that agreement and receive the benefit thereof. True and correct copies of the Bill of Sale and the redacted Loan Schedule to the Bill of Sale are attached hereto as Composite Exhibit B.

5) Defendant has failed to repay either the full balance due or the minimum monthly payment as promised since December 31, 2009.

**EXHIBIT**

**C5**

6) Plaintiff filed a Complaint against Defendant based upon the unpaid balance, which forms the basis of the instant suit. Defendant was duly served with process and Plaintiff's Complaint on or about September 11, 2012.

7) Defendant responded to Plaintiff's Complaint on or about October 25, 2012. Defendant denied the debt. However, a mere denial of allegations contained in the complaint, unsupported by evidence, does not create triable issues of fact. Edgewater Drugs, Inc. v. Jax Drugs, Inc., 138 So. 2d 525, 528 (Fla. 1st DCA 1962) (criticized on other grounds). In her Amended Answer, Defendant raised four (4) affirmative defense. Moreover, even affirmative defenses on which there are no material issues of fact may be eliminated on a motion for summary judgment. Garris v. Robeison, 146 So. 2d 388 (Fla. 2d DCA 1962). A true and correct copy of Defendant's Amended Answer is attached hereto as Exhibit C.

8) On or about April 4, 2013, this Court entered an Order on Plaintiff's Motion to Strike where the Court struck the Defendant's Second and Third Affirmative Defenses. A true and correct copy of the April 4, 2013 Order is attached hereto as Exhibit D.

9) Defendant's First Affirmative Defense raises the defense of lack of capacity for failure to plead such within the Complaint. Plaintiff is a foreign corporation that is registered with the Florida Secretary of State and conducts continuous business operations within the State of Florida. Plaintiff has capacity to sue and the Court has jurisdiction over the parties involved. Alternatively, Defendant's First Affirmative Defense is not an affirmative defense. An affirmative defense is a defense where a party admits liability to a claim against such party, but proffers evidence as to why the party should be excused or was justified. In the present case, Defendant First Affirmative Defense does not admit liability to either of Plaintiff's causes of action, nor does it state grounds as to why Defendant was justified or should be excused from liability. Specifically, Defendant's First Affirmative Defense is a defense of failure to plead a cause of action; the proper procedure of which would be to file a Motion to Dismiss.

10) Defendant's Fourth Affirmative Defense raises the defense of failure to provide notice of assignment pursuant to Fla.Stat. §559.715. Plaintiff provided Defendant with a notice of assignment in the form of a Demand Letter on May 12, 2012 and again on June 19, 2012 in compliance with Fla.Stat. §559.715. True and correct copies of the Demand Letters are attached hereto as Composite Exhibit E.

11) Attached to Plaintiff's Complaint is a copy of Defendant's charge off statement.

12) Defendant at no time filed a claim or raised a dispute regarding ownership of the account, the balance stated, or the interest rate listed upon the monthly billing statements Defendant received prior to the filing of the instant suit. Case law in Florida has long established that "an account stated comes into being when a creditor periodically bills a debtor for a certain amount, which amount is not objected to within a reasonable time." Dudas v. Dade County, 385 So.2d 1144 (Fla. 3rd DCA 1980); Daytona Bridge Company v. Bond, 47 Fla. 136, 36 So. 445 (1904). See also Levy v. Stephen L. Geller, Inc., 444 So.2d 568 (Fla. 3rd DCA 1984). In order to prevail in an action for an account stated, two conditions must be present: 1) there must be an agreement between the parties that a certain balance is correct and due, and 2) there must be a promise, either express or implied, to repay this balance. Everett v. Webb Furniture Co., Inc., 124 So. 278 (1929).

**EXHIBIT**

C6

An example of a situation where an account stated was proven through implication occurred in <u>Dudas</u>. In <u>Dudas</u>, the debtors opened an account and received their first statement in 1971. The debtors continued to receive statements without raising an objection to the balances listed therein until suit was filed on February 9, 1997. The Court held an objection made at this point in time was not made within reasonable time; and therefore, the creditor prevailed on its claim for an account stated.

13) In the present case, Defendant has failed to provide evidence that they filed a dispute with regard to the principal amounts stated, or the interest rate listed upon the statements received at any time between October 28, 2003 and December 31, 2009. Accordingly, Defendant is deemed to have received these statements for the period of time reflected upon the statements. The facts of this case are similar to <u>Dudas</u>, in that both debtors received statements from a creditor for an extended period of time without objection. Thus, it would intuitively follow that, once the holding in <u>Dudas</u> is applied to the case at bar, an account stated through implication is established.

14) Pursuant to Florida Rules of Civil Procedure 1.510(c), a judge shall enter summary judgment in favor of the moving party if there is no genuine, triable issue of fact and if the party is guaranteed a judgment as a matter of law. Summary Judgment may be granted when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact with all evidence being viewed in the light most favorable to the non-moving party. <u>Holl v. Talcott</u>, 191 So. 2d 40 (Fla. 1966); see <u>Lauck v. Publix Market, Inc.</u>, 335 So. 2d 589 (Fla. 3d DCA 1976); Fla. R. Civ. P. 1.510 (2002).

15) Additionally, when a denial of a claim is not made specifically and with particularity, entry of summary judgment may be proper. *See* <u>United Bonding Ins. Co. vs. Dura Stress, Inc.</u>, 243 So.2d 244 (Fla. 2nd DCA 1971).

16) Defendant owes the Plaintiff $15,248.72 plus interest and Court costs.

17) Based on the aforementioned case law, a general denial raises no genuine issues of fact, is not sufficient to sustain a defense and thus Summary Judgment should be granted against Defendant, YINESKA M ROLLIN.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter Summary Judgment in its favor and against Defendant YINESKA M ROLLIN for the amount of $15,248.72 plus interest and Court costs.

*[Signature on the following page]*

**EXHIBIT**

tabbies

C7

## CERTIFICATE OF SERVICE

      **I HEREBY CERTIFY** that, pursuant to Florida Rule of Judicial Adminstration 2.516, a true and correct copy of the foregoing has been furnished via electronic mail to Aaron Swift, Esq. at that attorney's designated email address(es).

Dated: June 25, 2013

/s_____

Bryan Manno, Esq.
Florida Bar No.: 0414573
Jeremy A. Soffler, Esq.
Florida Bar No.: 92059
J. Matthew Thorstad, Esq.
Florida Bar No.: 93469
FEDERATED LAW GROUP, PLLC
13205 U.S. Highway 1, Suite 555
Juno Beach, Florida 33408
Tel: (888) 362-7684
Fax: (800) 391-2178
Document service e-mail:
bmanno@federatedlaw.com

**EXHIBIT**

**C8**

# EXHIBIT A

File #: 120002924178

**EXHIBIT**

C9

IN THE CIRCUIT COURT OF THE 6TH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

CASE NO.: 12010641CI

CACH, LLC,

    Plaintiff,

vs.

YINESKA M ROLLIN,

    Defendant(s).

_____/

## AFFIDAVIT OF CACH, LLC AUTHORIZED AGENT

STATE OF COLORADO    )
                    )
COUNTY OF DENVER    )

       Before me the undersigned authority, duly authorized to administer oaths, personally appeared _____**SHANEKA SONNIER**_____ , to me personally known or who confirmed his/her identity by showing photo identification and who, after being duly sworn, declares under penalty of perjury under the laws of the State that the following is true and correct, and if called as a witness could completely testify to the matters stated herein as follows:

1. My name is _____**SHANEKA SONNIER**_____ .

2. I am the authorized agent and custodian of records of Plaintiff, CACH, LLC, including, but not limited to the records of this account sent to Plaintiff, CACH, LLC, by the original creditor Bank of America, N.A.. I have personally reviewed the books and records of Plaintiff, CACH, LLC, and am familiar with the account of Defendant, YINESKA M ROLLIN.

3. The aforementioned books and records are kept in the ordinary course of a regularly conducted business activity and are made either by a person having personal knowledge of the information contained therein or based on information conveyed by a person having personal knowledge of the information contained therein, and I know from my experience in reviewing such records and from common knowledge of how credit cards work that those records are made and maintained by individuals who have a business duty to make entries in the records accurately at or near the time of the event that they record.

4. The records consist of both hard copy information and electronic information that is generated, stored and maintained in accordance with generally accepted standards in retail and financial industries by individuals that possess the knowledge and training necessary to insure the accuracy and reliability of said records.

5. In such capacity as authorized agent and custodian of records, and based upon my inspection of the books and records of Plaintiff, CACH, LLC maintained in the ordinary course of its business, I have personally reviewed the account records for this specific matter along with each of the


\* Q 2 1 4 3 - - D M G A 1 - \*

**EXHIBIT**

**C10**

documents attached to Plaintiff's Complaint and I hereby attest that said documents are true and correct copies of the records received from the original creditor in this matter.

6. The business records furnished to Plaintiff CACH, LLC show that Defendant, YINESKA M ROLLIN, opened a credit account with the original creditor, Bank of America, N.A. and that Defendant, YINESKA M ROLLIN defaulted in its payments to the original creditior on the aforementioned credit account which caused said debt to be charged off on August 31, 2010 .

7. For good and valuable consideration, Plaintiff, CACH, LLC purchased Defendant's, YINESKA M ROLLIN, account from the original creditor Bank of America, N.A. and therefore Plaintiff, CACH, LLC is thus the current creditor in the instant action.

8. All credits and payments have been properly applied to the account, Defendant, YINESKA M ROLLIN, is not entitled to any additional credits or offsets on the account of any kind, and the balance set forth below is currently due and owing.

9. There is now, due and payable from the Defendant, YINESKA M ROLLIN, the sum of $15,248.72 plus interest calculated on the advice of counsel at the default interest rate of 14.240% per annum from February 10, 2012 through the last interest date calculated of August 09, 2012 , plus costs as permitted by law.

FURTHER AFFIANT SAYETH NAUGHT.

Sign Name: _____

Print Name: _____ SHANEKA SONNIER _____
CACH, LLC

SWORN TO AND SUBSCRIBED before me this _____ day of __ OCT 0 1 2012 __,
20____ by either providing picture identification or by personally knowing said individual.

Sign Name: _____
NOTARY PUBLIC

My Commission Expires:



My Commission Expires 02 03 2014


*Q 2 1 4 3 - - D M G A 1 - *


EXHIBIT
C11