Mr. Swift:

This email is sent to you and to your designated email address as counsel of record in the case referenced above and by case-style below, pursuant to Florida Rule of Judicial Administration 2.516.

The attached document(s) being served upon you with originals being filed with the Court on this date include(s) only those marked by "X" below, and is/are served under the case-style appearing below.

ATTACHED DOCUMENTS

| | |
|---|---|
| _____ | Proposal for Settlement |
| _____ | Response to Motion |
| _____ | Request for Production |
| _____ | Interrogatories |
| _____ | Request for Admissions |
| _____ | Motion for Telephonic Appearance |
| __X__ | Other [If checked, specify here]:  Plaintiff's Motion for Summary Judgment |

CASE STYLE:

IN THE CIRCUIT COURT OF THE 6TH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

CASE NO.: 12010641CI

CACH, LLC,
Plaintiff

vs.

YINESKA M ROLLIN,
Defendant
_____/


EXHIBIT
B1

IN THE CIRCUIT COURT OF THE 6TH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

CACH, LLC,                                            CASE NO.: 12010641CI

    Plaintiff,

vs.

YINESKA M ROLLIN,

    Defendant.
_____/

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW the Plaintiff, CACH, LLC, by and through its undersigned Counsel, and moves this Honorable Court pursuant to Rule 1.510, Fla. R. Civ. P., for the entry of a Summary Judgment in its favor and against Defendant, YINESKA M ROLLIN, on the grounds that there is no genuine issue as to any material fact, and that Plaintiff is entitled to judgment as a matter of law. In support thereof, Plaintiff states the following:

1) There are no genuine issues as to any material fact and Plaintiff, CACH, LLC, is entitled to a Judgment as a matter of law based upon the pleadings, affidavits and discovery on file herein.

2) More specifically, Plaintiff, CACH, LLC, would show unto this Court that all of the factual allegations contained in Plaintiff's Complaint are undisputed as a result of the pleadings, affidavits and discovery on file herein. In addition, please see the Affidavit of the CACH, LLC, Authorized Agent in Support of Motion for Summary Judgment filed by Plaintiff, attached hereto as Exhibit A.

3) On or about October 28, 2003, Defendant entered into an agreement with the original creditor by accepting and using the credit account issued to Defendant, therefore being bound by any terms associated with the credit account. Defendant's periodic payments further established an admission of liability of the debt owed.

4) Plaintiff purchased the debt incurred by Defendant from the original creditor, and now owns and holds all rights relative thereto. Accordingly, Plaintiff is lawfully entitled to enforce that agreement and receive the benefit thereof. True and correct copies of the Bill of Sale and the redacted Loan Schedule to the Bill of Sale are attached hereto as Composite Exhibit B.

5) Defendant has failed to repay either the full balance due or the minimum monthly payment as promised since December 31, 2009.



EXHIBIT

B2

6) Plaintiff filed a Complaint against Defendant based upon the unpaid balance, which forms the basis of the instant suit. Defendant was duly served with process and Plaintiff's Complaint on or about September 11, 2012.

7) Defendant responded to Plaintiff's Complaint on or about October 25, 2012. Defendant denied the debt. However, a mere denial of allegations contained in the complaint, unsupported by evidence, does not create triable issues of fact. Edgewater Drugs, Inc. v. Jax Drugs, Inc., 138 So. 2d 525, 528 (Fla. 1st DCA 1962) (criticized on other grounds). In her Amended Answer, Defendant raised four (4) affirmative defense. Moreover, even affirmative defenses on which there are no material issues of fact may be eliminated on a motion for summary judgment. Garris v. Robeison, 146 So. 2d 388 (Fla. 2d DCA 1962). A true and correct copy of Defendant's Amended Answer is attached hereto as Exhibit C.

8) On or about April 4, 2013, this Court entered an Order on Plaintiff's Motion to Strike where the Court struck the Defendant's Second and Third Affirmative Defenses. A true and correct copy of the April 4, 2013 Order is attached hereto as Exhibit D.

9) Defendant's First Affirmative Defense raises the defense of lack of capacity for failure to plead such within the Complaint. Plaintiff is a foreign corporation that is registered with the Florida Secretary of State and conducts continuous business operations within the State of Florida. Plaintiff has capacity to sue and the Court has jurisdiction over the parties involved. Alternatively, Defendant's First Affirmative Defense is not an affirmative defense. An affirmative defense is a defense where a party admits liability to a claim against such party, but proffers evidence as to why the party should be excused or was justified. In the present case, Defendant First Affirmative Defense does not admit liability to either of Plaintiff's causes of action, nor does it state grounds as to why Defendant was justified or should be excused from liability. Specifically, Defendant's First Affirmative Defense is a defense of failure to plead a cause of action; the proper procedure of which would be to file a Motion to Dismiss.

10) Defendant's Fourth Affirmative Defense raises the defense of failure to provide notice of assignment pursuant to Fla.Stat. §559.715. Plaintiff provided Defendant with a notice of assignment in the form of a Demand Letter on May 12, 2012 and again on June 19, 2012 in compliance with Fla.Stat. §559.715. True and correct copies of the Demand Letters are attached hereto as Composite Exhibit E.

11) Attached to Plaintiff's Complaint is a copy of Defendant's charge off statement.

12) Defendant at no time filed a claim or raised a dispute regarding ownership of the account, the balance stated, or the interest rate listed upon the monthly billing statements Defendant received prior to the filing of the instant suit. Case law in Florida has long established that "an account stated comes into being when a creditor periodically bills a debtor for a certain amount, which amount is not objected to within a reasonable time." Dudas v. Dade County, 385 So.2d 1144 (Fla. 3rd DCA 1980); Daytona Bridge Company v. Bond, 47 Fla. 136, 36 So. 445 (1904). See also Levy v. Stephen L. Geller, Inc., 444 So.2d 568 (Fla. 3rd DCA 1984). In order to prevail in an action for an account stated, two conditions must be present: 1) there must be an agreement between the parties that a certain balance is correct and due, and 2) there must be a promise, either express or implied, to repay this balance. Everett v. Webb Furniture Co., Inc., 124 So. 278 (1929).

**EXHIBIT**

**B3**

An example of a situation where an account stated was proven through implication occurred in <u>Dudas</u>. In <u>Dudas</u>, the debtors opened an account and received their first statement in 1971. The debtors continued to receive statements without raising an objection to the balances listed therein until suit was filed on February 9, 1997. The Court held an objection made at this point in time was not made within reasonable time; and therefore, the creditor prevailed on its claim for an account stated.

13) In the present case, Defendant has failed to provide evidence that they filed a dispute with regard to the principal amounts stated, or the interest rate listed upon the statements received at any time between October 28, 2003 and December 31, 2009. Accordingly, Defendant is deemed to have received these statements for the period of time reflected upon the statements. The facts of this case are similar to <u>Dudas</u>, in that both debtors received statements from a creditor for an extended period of time without objection. Thus, it would intuitively follow that, once the holding in <u>Dudas</u> is applied to the case at bar, an account stated through implication is established.

14) Pursuant to Florida Rules of Civil Procedure 1.510(c), a judge shall enter summary judgment in favor of the moving party if there is no genuine, triable issue of fact and if the party is guaranteed a judgment as a matter of law. Summary Judgment may be granted when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact with all evidence being viewed in the light most favorable to the non-moving party. <u>Holl v. Talcott</u>, 191 So. 2d 40 (Fla. 1966); <u>see Lauck v. Publix Market, Inc.</u>, 335 So. 2d 589 (Fla. 3d DCA 1976); Fla. R. Civ. P. 1.510 (2002).

15) Additionally, when a denial of a claim is not made specifically and with particularity, entry of summary judgment may be proper. <i>See</i> <u>United Bonding Ins. Co. vs. Dura Stress, Inc.</u>, 243 So.2d 244 (Fla. 2nd DCA 1971).

16) Defendant owes the Plaintiff $15,248.72 plus interest and Court costs.

17) Based on the aforementioned case law, a general denial raises no genuine issues of fact, is not sufficient to sustain a defense and thus Summary Judgment should be granted against Defendant, YINESKA M ROLLIN.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter Summary Judgment in its favor and against Defendant YINESKA M ROLLIN for the amount of $15,248.72 plus interest and Court costs.

*[Signature on the following page]*


EXHIBIT
B4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, pursuant to Florida Rule of Judicial Adminstration 2.516, a true and correct copy of the foregoing has been furnished via electronic mail to Aaron Swift, Esq. at that attorney's designated email address(es).

Dated: June 25, 2013

/s _____

Bryan Manno, Esq.
Florida Bar No.: 0414573
Jeremy A. Soffler, Esq.
Florida Bar No.: 92059
J. Matthew Thorstad, Esq.
Florida Bar No.: 93469
FEDERATED LAW GROUP, PLLC
13205 U.S. Highway 1, Suite 555
Juno Beach, Florida 33408
Tel: (888) 362-7684
Fax: (800) 391-2178
Document service e-mail:
bmanno@federatedlaw.com

EXHIBIT

B5

# EXHIBIT A

EXHIBIT

**B6**

IN THE CIRCUIT COURT OF THE 6TH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

CASE NO.: 12010641 CI

CACH, LLC,

      Plaintiff,

vs.

YINESKA M ROLLIN,

      Defendant(s).

_____/

## **AFFIDAVIT OF CACH, LLC AUTHORIZED AGENT**

STATE OF COLORADO    )
                         )
COUNTY OF DENVER    )

      Before me the undersigned authority, duly authorized to administer oaths, personally appeared _____**SHANEKA SONNIER**____, to me personally known or who confirmed his/her identity by showing photo identification and who, after being duly sworn, declares under penalty of perjury under the laws of the State that the following is true and correct, and if called as a witness could completely testify to the matters stated herein as follows:

    1. My name is _____**SHANEKA SONNIER**_____.

    2. I am the authorized agent and custodian of records of Plaintiff, CACH, LLC, including, but not limited to the records of this account sent to Plaintiff, CACH, LLC, by the original creditor Bank of America, N.A.. I have personally reviewed the books and records of Plaintiff, CACH, LLC, and am familiar with the account of Defendant, YINESKA M ROLLIN.

    3. The aforementioned books and records are kept in the ordinary course of a regularly conducted business activity and are made either by a person having personal knowledge of the information contained therein or based on information conveyed by a person having personal knowledge of the information contained therein, and I know from my experience in reviewing such records and from common knowledge of how credit cards work that those records are made and maintained by individuals who have a business duty to make entries in the records accurately at or near the time of the event that they record.

    4. The records consist of both hard copy information and electronic information that is generated, stored and maintained in accordance with generally accepted standards in retail and financial industries by individuals that possess the knowledge and training necessary to insure the accuracy and reliability of said records.

    5. In such capacity as authorized agent and custodian of records, and based upon my inspection of the books and records of Plaintiff, CACH, LLC maintained in the ordinary course of its business, I have personally reviewed the account records for this specific matter along with each of the



**EXHIBIT**

**B7**

documents attached to Plaintiff's Complaint and I hereby attest that said documents are true and correct copies of the records received from the original creditor in this matter.

6. The business records furnished to Plaintiff CACH, LLC show that Defendant, YINESKA M ROLLIN, opened a credit account with the original creditor, Bank of America, N.A. and that Defendant, YINESKA M ROLLIN defaulted in its payments to the original creditor on the aforementioned credit account which caused said debt to be charged off on August 31, 2010 .

7. For good and valuable consideration, Plaintiff, CACH, LLC purchased Defendant's, YINESKA M ROLLIN, account from the original creditor Bank of America, N.A. and therefore Plaintiff, CACH, LLC is thus the current creditor in the instant action.

8. All credits and payments have been properly applied to the account, Defendant, YINESKA M ROLLIN, is not entitled to any additional credits or offsets on the account of any kind, and the balance set forth below is currently due and owing.

9. There is now, due and payable from the Defendant, YINESKA M ROLLIN, the sum of $15,248.72 plus interest calculated on the advice of counsel at the default interest rate of 14.240% per annum from February 10, 2012 through the last interest date calculated of August 09, 2012 , plus costs as permitted by law.

FURTHER AFFIANT SAYETH NAUGHT.

Sign Name: _____

Print Name: _____SHANEKA SONNIER_____
CACH, LLC

SWORN TO AND SUBSCRIBED before me this _____ day of ___OCT 0 1 2012___ ,
20_____ by either providing picture identification or by personally knowing said individual.

Sign Name: _____
NOTARY PUBLIC

My Commission Expires:



PETER HUBER
NOTARY
PUBLIC
STATE OF COLORADO

My Commission Expires 02 03 2014





EXHIBIT
B8

# <u>COMPOSITE EXHIBIT B</u>





Bank of America

## EXHIBIT C

### BILL OF SALE AND ASSIGNMENT OF LOANS

The undersigned Assignor ("Assignor") on and as of the date hereof hereby absolutely sells, transfers, assigns, sets-over, quitclaims and conveys to CACH, LLC, a Limited Liability Company organized under the laws of Colorado ("Assignee") without recourse and without representations or warranties of any type, kind, character or nature, express or implied, subject to Buyer's repurchase rights as set forth in Sections 8.1 and 8.2, all of Assignor's right, title and interest in and to each of the loans identified in the loan schedule ("Loan Schedule") attached hereto (the "Loans"), together with the right to all principal, interest or other proceeds of any kind with respect to the Loans remaining due and owing as of the Cut-Off Date applicable to such Loans as set forth in the Loan Sale Agreement pursuant to which the Loans are being sold (including but not limited to proceeds derived from the conversion, voluntary or involuntary, of any of the Loans into cash or other liquidated property).

DATED: September 23, 2010.

ASSIGNOR: FIA CARD SERVICES, N.A.

Name:  Debra L Pellicciaro
Title:   Vice President



**EXHIBIT**
**B10**

# LOAN SCHEDULE

EXHIBIT

**B11**

Cut Off Date   Charge Off Account Number   Charge Off Date   Original Account Number   Primary Name - Title First Middle*Last$Suffix

9/16/2010 48001159949S2729   31-Aug-10 4800113175951222   VINESKA M ROLLIN

**EXHIBIT**
**B12**

Secondary Name - Title First Middle'Last$Suffix

Secondary Name - Social Security Number

Address Line 1

Address Line 2     City

915 SANDPIPER WAY S

SAINT PETERSBURG

EXHIBIT
B13

| State or Country Code | Zip or Postal Code | Social Security Number | Home Phone | Work Phone | Current (Sale) Balance | Charge Off Balance | Last Pay Amount | Last Pay Date |
|---|---|---|---|---|---|---|---|---|
| FL | 33707 | xxxxx1633 | 7273889934 | | $14,561.32 | 14561.32 | 250 | 31-Dec-09 |

**EXHIBIT**

**B14**

| Open Date | Interest Rate | First Delq Date | Birth Date | Affinity | Conversion Account Number | Fee Portion of C/O Balance | Interest Portion of C/O Balance | Legacy |
|---|---|---|---|---|---|---|---|---|
| 28-Oct-03 | 14.24 | 12-Mar-10 | 28-Sep-57 | BANK OF AMERICA | 4024112011 74003 | 273 | 1394.14 | BAC |

**EXHIBIT**

**B15**

# EXHIBIT C

EXHIBIT

**B16**

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT,
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

CACH, LLC,

    Plaintiff,

                              Case No.: 12-010641-CI

vs.

YINESKA M ROLLIN,

    Defendant(s).

_____/

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES

    COME NOW, the Defendant, Yineska M. Rollin (hereinafter "Defendant"), and

answers and asserts affirmative defenses as follows:

### ANSWER

1.    Admitted for jurisdictional purposes only.

2.    Admitted.

3.    Admitted.

4.    Without knowledge and therefore denied.

5.    Denied.

6.    Denied.

7.    Without knowledge and therefore denied.

8.    Admitted.

### COUNT I : ACCOUNT STATED

    Defendant re-alleges paragraphs one (1) through eight (8) as if fully restated

herein and further states as follows:

9.    Denied.



EXHIBIT
B17



* Q 2 1 4 3 - - A N S R 7 - *

10.    Denied.

11.    Denied.

12.    Denied.

13.    Denied.

14.    Denied.

## COUNT II : UNJUST ENRICHMENT

Defendant re-alleges paragraphs one (1) through eight (8) as if fully restated herein and further states as follows:

15.    Denied.

16.    Denied.

17.    Denied.

## AFFIRMATIVE DEFENSES

As and for affirmative defenses, Defendant asserts and states as follows:

### FIRST AFFIRMATIVE DEFENSE:
### Lack of Capacity

Plaintiff has wholly failed to plead any facts that identify Plaintiff, its legal status, or its capacity.  Capacity to sue is an absence of any disability that would deprive a party of its right to come into court.  59 Am.Jur.2d *Parties* § 31 (1971).  This distinguishes capacity from "standing," which relates to the party's legally sufficient interest in the outcome.  *See Keehn v. Joseph C. Mackey and Co.*, 420 So.2d 398 (Fla. Dist. Ct. App. 4th Dist. 1982).  *See also Asociacion de Perjudiacados v. Citibank*, 770 So.2d 1267 (Fla. Dist. Ct. App. 3rd Dist. 2000) (dismissing case for lack of capacity as distinguished from standing).  The Florida Rules of Civil Procedure require the Plaintiff to allege "capacity to sue or be sued," only "to the extent required to show the jurisdiction of the court."

EXHIBIT

**B18**

Rule 1.120(a), Fla. R. Civ.P. Plaintiff has not plead any facts relating to its legal status. Plaintiff does not provide *any* description to explain the legal nature of the entity. The Florida Rules of Civil Procedure require that a Complaint include "a short and plain statement of the grounds upon which the court's jurisdiction depends..." Rule 1.110(b), Fla. Civ. P. Plaintiff has failed to plead or specify in what capacity the Plaintiff brings suit. Plaintiff has also failed to identify or define in any way the nature of its legal entity or its legal status and has not plead that it has the capacity to maintain suit before this Court. As such, Defendant is unable to determine whether Plaintiff has capacity to sue. Without such capacity, Plaintiff may not pursue this litigation. *Asociacion de Perjudicados, supra.* In a recent ruling in the Sixth Judicial Circuit, Pinellas County, Judge Anthony Rondolino granted defendant's Motion to Dismiss based on a similar legal argument regarding capacity. *See Wachovia Mortgage, FSB F/K/A World Savings Bank v. Matacchiero*, 17 Fla. L. Weekly Supp. 101a (Fla. 6th Cir. Ct. 2010).

### SECOND AFFIRMATIVE DEFENSE:
### Failure to State a Cause of Action for Account Stated

Plaintiff's claims against Defendant must fail because Plaintiff has failed to state a cause of action for which relief might be granted for Account Stated. Specifically, Plaintiff has failed to show that Plaintiff and Defendant have ever engaged in a contractual relationship or business transaction. Further, Plaintiff has failed to show that Defendant ever agreed to a resulting balance owed to Plaintiff or its purported predecessor, FIA Card Services, N.A., and Plaintiff has failed to show an express or implied promise by Defendant to pay any balance to Plaintiff. Finally, Defendant denies any balance exists on the subject account as the account has been charged off by the Issuer.



EXHIBIT
B19

### THIRD AFFIRMATIVE DEFENSE:
### Failure to State a Cause of Action for Unjust Enrichment

Plaintiff's claims against Defendant must fail because Plaintiff has failed to state a cause of action for which relief might be granted for unjust enrichment. Specifically, Plaintiff has failed to show that Plaintiff conferred any benefit on Defendant. Further, Plaintiff has failed to show that Defendant voluntarily made an express or implicit promise to pay Defendant any alleged balance of any debt allegedly owed.

### FOURTH AFFIRMATIVE DEFENSE:
### Lack of Subject Matter Jurisdiction for Failure to Satisfy a Condition Precedent

Plaintiff's claims against Defendant must fail because this Court lacks subject matter jurisdiction as Plaintiff failed to satisfy a condition precedent. As of the date of the purported sale of the Debt to Plaintiff, Florida Statute § 559.715 stated, "This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment within 30 days after the assignment." (Emphasis added). Plaintiff failed to notify Defendant of such assignment within 30 days after the assignment.

### REQUEST FOR RELIEF

WHEREFORE, Defendant, based upon the *Amended Answer and Affirmative Defenses* provided herein, respectfully requests this Court to enter a Judgment in favor of Defendant, denying Plaintiff's Complaint for relief in its entirety, on the merits, with prejudice, and for such other relief as is equitable and just.

Respectfully Submitted,

LEAVENGOOD & NASH

Ian R. Leavengood, Esq. FBN 10167

EXHIBIT
B20

Christopher C. Nash, Esq., FBN 0135046
Aaron M. Swift, Esq. FBN 93088
3900 First Avenue North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
cnash@leavenlaw.com
aswift@leavenlaw.com
*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing *Amended Answer and Affirmative Defenses* has been furnished via facsimile and electronic mail on this 12th day of October 2012 to:

Bryan Manno, Esq.
FEDERATED LAW GROUP, PLLC
13205 US Highway 1, Suite 555
Juno Beach, FL 33408
Fax: 800-391-2178
E-mail: bmanno@federatedlaw.com

_____
Attorney

**EXHIBIT**

**B21**

# EXHIBIT D

EXHIBIT
B22

IN THE CIRCUIT COURT OF THE 6TH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA

CASE NO.: 12-010641-CI

CACH, LLC,

      Plaintiff,

vs.

YINESKA M ROLLIN,

      Defendant(s).

_____/

**ORDER**

THIS CAUSE having come before this Honorable Court on Plaintiff's Motion to Strike Affirmative Defenses, the parties presenting oral argument and the Court being otherwise fully advised in the premises;

IT IS THEREUPON ORDERED AND ADJUDGED THAT:

1. Plaintiff's Motion is hereby GRANTED in Part and DENIED in Part.

2. Plaintiff's Motion is GRANTED as to Affirmative Defenses Two (2) and Three (3). Affirmative Defenses Two (2) and Three (3) shall be re-characterized as Denials.

3. Plaintiff's Motion is DENIED as to Affirmative Defenses One (1) and Four (4).

DONE AND ORDERED, in Chambers at Pinellas, Florida this _____ day of _____, 20____.

Original Signed

APR 04 2013

CIRCUIT Pamela A.M. Campbell
Circuit Judge

Copies Furnished to:

Bryan Manno, Esq.,
Federated Law Group, PLLC
13205 U.S. Highway One, Suite 555,
Juno Beach, Florida 33408

Aaron Swift, Esq.
3900 First Street North
Ste 100
Saint Petersburg, Fl 33703

**EXHIBIT**

**B23**

# COMPOSITE EXHIBIT E

EXHIBIT

B24



**FEDERATED LAW GROUP, PLLC**
Attorneys at Law

13205 US Highway 1, Suite 555
Juno Beach, FL 33408
Toll Free: (888) 362-3797
Telefax: (800) 391-2178

Bryan Manno, Esq.

May 12, 2012

204148



36304-12A/120002924178/53451/DM1P    5103
YINESKA M ROLLIN
4450 40TH AVE N                    204148
ST PETERSBURG, FL 33714-4333
                                      17

| | |
|---|---|
| Creditor: | CACH, LLC |
| Account No.: | 120002924178 |
| Original Creditor: | Bank of America, N.A. |
| Original Creditor Account No.: | 4800113175951222 |
| Current Balance Due: | $15,072.61 |

**THIS COMMUNICATION IS FROM DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT
A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Dear Yineska Rollin:

This office has been retained by CACH, LLC, to collect the above balance that you owe our client. This is a demand for payment of your outstanding obligation. As of date of this letter, you owe $15,072.61. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned, or call.

In making this demand, this office is relying entirely on information provided by our client. At this time, this firm is acting in its capacity as a debt collector and no attorney with our law firm has personally reviewed the particular circumstances of your account or determined what action, if any, this office will take to collect the amount due.

Unless you, within 30 days after receipt of this notice, dispute the validity of the debt, or any portion thereof, we will assume this debt is valid. If you notify this office in writing within the thirty-day period that you dispute the debt, or any portion thereof, is disputed, this office will obtain verification of the debt by our client or a copy of the judgment against you and a copy of such verification or judgment will be mailed to you. Upon your written request, within the thirty-day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Please be advised that the law does not require us to wait until the end of the thirty-day period before attempting to enforce our client's rights to collect this debt through litigation or otherwise. If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires us to suspend our efforts (through litigation or otherwise) to collect the debt until we mail the requested information to you.

If you would like to make arrangements to pay the debt, please call this office at (888) 362-3797.

Sincerely,

Federated Law Group, PLLC

5103 53451        IMPORTANT INFORMATION CONTINUED ON THE REVERSE SIDE.

**EXHIBIT**
**B25**

204148

## IMPORTANT NOTICE OF RIGHTS

We are required under state and/or federal law(s) to notify consumers of certain rights. This list does not include a complete list of rights consumers may have under state or federal laws or regulations

**In California:** The State Rosenthal Fair Debt Collection Practices Act and The Federal Fair Debt Collection Act require that, except under unusual circumstances, collector may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats or violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact The Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations

**In Colorado:** For information about the Colorado Fair Debt Collection Practices Act, see http://www.coloradoattorneygeneral.gov A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt

**In Kansas:** An investigative consumer report, which includes information as to your character, general reputation, personal characteristics and mode of living whichever are applicable, may be made or obtained. Within a reasonable period of times after your receipt of this letter, upon your written request for additional information regarding the scope and nature of our investigation, complete and accurate disclosure of the nature and scope of the investigation requested will be provided.

**In Maine:** Office Location: 13205 US Highway One, Suite 555, Juno Beach, FL 33408 Phone (888) 362-3797 Business Hours: 8:30 a.m. to 6:00 p.m. Monday through Friday Eastern Time.

**In Massachusetts:** Office Location: 13205 US Highway One, Suite 555, Juno Beach, FL 33408 Phone (888) 362-3797 Business Hours: 8:30 a.m. to 6:00 p.m. Monday through Friday Eastern Time. Massachusetts law requires that we inform you:

### NOTICE OF IMPORTANT RIGHTS

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY 10 DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

**In Texas:** Office Location: 13205 US Highway One, Suite 555, Juno Beach, FL 33408 Phone (888) 362-3797 Business Hours: 8:30 a.m. to 6:00 p.m. Monday through Friday Eastern Time

**In Utah:** As required by Utah law, you are hereby notified that a negative credit report reflecting your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations

Federal Law or other state laws may also provide you with similar or even greater rights

### IMPORTANT INFORMATION ABOUT CREDIT REPORTING

Our clients may report information about your account to credit bureaus
Federated Law Group, PLLC reserves the right to monitor and/or record telephone calls for training, quality, and compliance purposes including calls originated by, or made to, Federated Law Group, PLLC. Calling into Federated Law Group, PLLC or accepting a call from Federated Law Group, PLLC constitutes permission to record the telephone conversation

### Payment Instructions For Western Union Quick Collect

For your convenience in paying by Western Union, Please note the following instructions, if applicable:

1. Call Western Union at (800) 325-6000 to locate the Western Union agent closest to you
2. Obtain Quick Collect payment form from your Western Union agent. Fill out the Quick Collect payment form completely Make it payable to Square Two Financial. The code city is CALAND, the state is COLORADO and the account number will be your account number found on the front of this letter
3. Give the agent the completed Quick Collect form, the payment amount, and the transaction fee (presently $12.95) required and payable to Western Union in cash

You will receive a receipt from Western Union agent with a ten-digit control number. This number is proof that the money was sent. Please retain that receipt for your records

---

**Federated Law Group, PLLC 13205 US Highway One, Suite 555, Juno Beach, FL 33408 Phone: (888) 362-3797**

EXHIBIT
B26



# FEDERATEDLAWGROUP, PLLC
## ATTORNEYS AT LAW

13205 US Highway 1, Suite 555
Juno Beach, FL 33408
Toll Free: 888.362 7264
Telefax: 800.391 2178
www.federatedlaw.com

Bryan Manno, Esq

June 19, 2012

44078

36951-20A/120002924178/53649/AC01   5103
YINESKA M ROLLIN
4450 40TH AVE N                            44078
ST PETERSBURG, FL 33714-4333
                                        47

| | |
|---|---|
| Creditor: | CACH, LLC |
| Federated Account No.: | 120002924178 |
| Original Creditor: | Bank of America, N.A. |
| Original Creditor Account No.: | 4800113175951222 |
| Current Balance Due: | $15,248.72 |

Dear Yineska Rollin:

As you should know from previous correspondence, this office represents the above-named creditor. A review of your current financial situation and/or identified assets indicates you have the ability to promptly and amicably resolve this account and for this reason our client has approved your account for legal action.

Because of your failure to give this matter the attention it deserves, we may have no option but to take any and all measures available to collect the claimed indebtedness. Our client has authorized this law firm to file a legal action against you in the county in which you reside.

If you wish to try to resolve this matter amicably and avoid legal action being taken you should immediately call our office at **(888) 362-7264** within 10 days of receipt of this letter.

### TAKE NOTICE AND ACT ACCORDINGLY

Sincerely,

Federated Law Group, PLLC

## THIS COMMUNICATION IS FROM A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

### FOR IMMEDIATE ASSISTANCE CALL

### (888) 362-7264

Para español llame al
### (888) 930-3447

5103 53649

IMPORTANT INFORMATION CONTINUED ON THE REVERSE SIDE

**EXHIBIT**
**B27**

44078

## IMPORTANT NOTICE OF RIGHTS

We are required under state and/or federal law(s) to notify consumers of certain rights. This list does not include a complete list of rights consumers may have under state or federal laws or regulations.

**In California:** The State Rosenthal Fair Debt Collection Practices Act and The Federal Fair Debt Collection Act require that, except under unusual circumstances, collector may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats or violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact The Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**In Colorado:** For Information about the Colorado Fair Debt Collection Practices Act, see http://www.coloradoattorneygeneral.gov. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

**In Kansas:** An investigative consumer report, which includes information as to your character, general reputation, personal characteristics and mode of living whichever are applicable, may be made or obtained. Within a reasonable period of times after your receipt of this letter, upon your written request for additional information regarding the scope and nature of our investigation, complete and accurate disclosure of the nature and scope of the investigation requested will be provided.

**In Maine:** Office Location: 13205 US Highway One, Suite 555, Juno Beach, FL 33408. Phone (888) 362-7264 Business Hours: 8:30 a.m. to 6:00 p.m. Monday through Friday Eastern Time.

**In Massachusetts:** Office Location: 13205 US Highway One, Suite 555, Juno Beach, FL 33408. Phone (888) 362-7264 Business Hours: 8:30 a.m. to 6:00 p.m. Monday through Friday Eastern Time. Massachusetts law requires that we inform you:

### NOTICE OF IMPORTANT RIGHTS

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY 10 DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

**In Texas:** Office Location: 13205 US Highway One, Suite 555, Juno Beach, FL 33408. Phone (888) 362-7264 Business Hours: 8:30 a.m. to 6:00 p.m. Monday through Friday Eastern Time.

**In Utah:** As required by Utah law, you are hereby notified that a negative credit report reflecting your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

Federal Law or other state laws may also provide you with similar or even greater rights.

### IMPORTANT INFORMATION ABOUT CREDIT REPORTING

Our clients may report information about your account to credit bureaus.
Federated Law Group, PLLC reserves the right to monitor and/or record telephone calls for training, quality, and compliance purposes including calls originated by, or made to, Federated Law Group, PLLC. Calling into Federated Law Group, PLLC or accepting a call from Federated Law Group, PLLC constitutes permission to record the telephone conversation.

### Payment Instructions For Western Union Quick Collect

For your convenience in paying by Western Union, Please note the following instructions, if applicable:

1. Call Western Union at (800) 325-6000 to locate the Western Union agent closest to you
2. Obtain Quick Collect payment form from your Western Union agent. Fill out the Quick Collect payment form completely. Make it payable to Square Two Financial. The code city is CALAND, the state is COLORADO and the account number will be your account number found on the front of this letter
3. Give the agent the completed Quick Collect form, the payment amount, and the transaction fee (presently $12.95) required and payable to Western Union in cash

You will receive a receipt from Western Union agent with a ten-digit control number. This number is proof that the money was sent. Please retain that receipt for your records

---

Federated Law Group, PLLC 13205 US Highway One, Suite 555, Juno Beach, FL 33408 Phone: (888) 362-7264

**EXHIBIT**

**B28**