UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YINESKA ROLLIN,
On behalf of herself and all others
similarly situated,

       Plaintiffs,

v.                            Case No. 8:14-cv-1543-EAK-TGW

CACH, LLC, a foreign limited liability
company, SQUARETWO FINANCIAL
CORPORATION, a foreign corporation,
FEDERATED LAW GROUP, PLLC,
a Florida professional limited liability
company, and BRYAN MANNO,
an individual,

       Defendants.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

This cause comes before the Court on Defendants', CACH, LLC, SQUARETWO FINANCIAL CORPORATION, FEDERATED LAW GROUP, PLLC, AND BRYAN MANNO (collectively referred to as "Defendants"), Motion to Dismiss Complaint, (Doc. # 30), filed March 20, 2015, and Plaintiffs', YINESKA ROLLIN and others similarly situated ("Plaintiffs"), Response in Opposition, (Doc. # 34), filed April 17, 2015. For the reasons hereinafter stated, Defendant's Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

## PROCEDURAL BACKGROUND

Plaintiffs filed the original action on June 25, 2014. (Doc. # 1). An Amended Complaint was filed July 30, 2014, (Doc. # 7), and a Second Amended Complaint was filed March 3, 2015, (Doc. # 28), alleging violations of the Fair Debt Collection Practices Act (FDCPA), specifically 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692(f) and 1692f(1). (Doc. # 28 at ¶¶24, 26). This

case involves a state court action the Defendants filed against Plaintiff, regarding Plaintiff's outstanding consumer debt. (Doc. # 28 at Ex. A). Defendants filed the instant Motion to Dismiss March 20, 2015, (Doc. # 30), and Plaintiffs responded in opposition April 17, 2015. (Doc. # 34).

This action stems from Defendants' attempt to collect consumer debt from the Plaintiff beginning August 29, 2012. The attempted debt collection was a lawsuit Defendants brought in state court. Plaintiffs allege multiple filings during the course of the state proceedings violated the FDCPA. These alleged violations in the state court include the original complaint filed on August 29, 2012, (Doc. # 28; Ex. A1–A14), the Motion for Summary Judgment filed on June 25, 2013, (Doc. # 28; Ex. B1–B5), the Affidavit of CACH, LLC's authorized agent filed on June 25, 2013 (Doc. # 28; Ex. B7–B8), the Motion and Statement of Good Cause Showing Plaintiff's Cause of Action Should not be Dismissed filed on June 6, 2014, (Doc. # 28; Ex. C1–C11), and finally the Amended Complaint filed on December 4, 2014, (Doc. # 28; Ex. D).

The alleged violations include unlawfully including a default interest rate, the false and deceptive affidavit, and the misleading inclusion of attorneys' fees. The alleged unlawful default interest rate was first mentioned in the original complaint on August 29, 2012, and added $687.40 to the original debt and therefore is claimed to be a false representation of that debt. (Doc. # 28 at ¶25). The sworn affidavit is alleged to be false and deceptive because the person making the sworn statement allegedly had no personal knowledge of the information and could not authenticate it. (Doc. # 28 at ¶25). Finally, the attorneys' fees are purported to be first mentioned in the Amended Complaint filed on December 4, 2014. (Doc. # 34 at ¶4). Plaintiff claims these fees were not part of the contract of the original debt agreement and are therefore a false or misleading representation. (Doc. # 28 at ¶25). Defendants contest these matters, and move the Court for dismissal. (Doc. # 30). Defendants move to dismiss Counts II and III on multiple grounds. Count II alleges all court

filings constituted violations "by using false, deceptive, or misleading means or representations in attempting to collect the consumer debts," (Doc. # 1 at ¶95); Count III alleges Defendants "intentionally included contractual of [sic] default-rate interest in the total amount (i.e., the debt) purportedly owed by Plaintiff, Class Members, and Sub-Class Members. (Doc. # 1 at ¶103).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a Plaintiff's complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim on which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a complaint attacked by a [Rule] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide grounds of his [or her] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (second alteration in original) (citation omitted) (internal quotation marks omitted).

On a Rule 12(b)(6) motion to dismiss, a court must "accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." Alvarez v. Attorney Gen. for Fla., 679 F.3d 1257, 1261 (11th Cir. 2012). Courts follow a two-prong approach when considering a motion to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). If "the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged," then the claim meets the "plausibility requirement," but it requires "more than a sheer possibility" that the allegations are true. Id. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned [...] accusation." Id. (quoting Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265 (1986)).

## DISCUSSION

### A. Request for Dismissal under the Statute of Limitations.

Under the FDCPA, the statute of limitations begins "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Defendants' argument is determinative as to whether or not the statute of limitations began the moment the Defendants filed their collection suit against the Plaintiff, or if further actions during the course of litigation began the time anew.

Litigation, as a debt collection practice, is subject to the FDCPA. Heintz v. Jenkins, 514 U.S. 291, 299 (1995); Sayyed v. Wolfpoff & Abramson, 485 F.3d 226 (4th Cir. 2007). The act of litigation itself, however, is not a violation of the FDCPA. Farrell v. Patrick A. Carey, P.A., 2012 WL 6803654, *3 (M.D. Fla. Dec. 19, 2012) (citing Litton Loan Servicing, LP., No. 1:12-cv-169, 2012 WL 5364273 (N.D. Ohio, Oct. 30, 2012); McNerney v. Mortgage Electronic Registration Systems, Inc., No. 09-cv-2625, 2010 WL 3222044, at *7 (N.D. Ohio 2010); Calka v. Kucker, Kraus & Bruh, LLP, No. 98-cv-990, 1998 WL 437151, at *3 (S.D.N.Y. 1998); Ball v. Ocwen Loan Servicing, LLC, No. 1:12-cv-604, 2012 WL 1745479 (N.D. Ohio 2012); and Schaffhauser v. Burton Neil & Assocs., No. 1:05-cv-2075, 2008 WL 857523, at *2 (M.D. Pa. 2008) (citations omitted)). The conduct within the actions of litigation must violate the Act in some way "independent of the act of filing suit." Id. (quoting Schaffhauser, 2008 WL 857523 at *2). Plaintiff's allegation must be a "discrete violation within the limitations period." McCorriston v.

L.W.T., Inc., 536 F. Supp. 2d 1268, 1272 (M.D. Fla. 2008); see also Pescatrice v. Orovitz, 539 F. Supp. 2d 1375, 1380–1381 (S.D. Fla. 2008) (holding that an alleged FDCPA violation regarding a proposed settlement agreement constituted a new action subject to the FDCPA). Continuing a claim through litigation does not create a new violation of the FDCPA each time a document is created. In order to cause a new violation during the course of litigation, and therefore a new statute of limitations, the new violation must not be a continuation of the original violation. Sierra v. Garbus, 48 F. Supp. 2d 393, 395 (S.D.N.Y. 1999) (Holding that the alleged violation began at the time of filing the original complaint and that the continued steps of litigation did not create new violations of the same issue); see also Hansen v. Resurgent Capital Services, L.P., 2015 WL 3652838 (M.D Fla. 2015) (Holding that the statute of limitations began when the claim was filed and because there was no evidence of repetition, or any alleged new violations, the statute of limitations did not renew).

Plaintiff alleges Defendant Cach, LLC's court filings violate the FDCPA for three reasons. First, an alleged unlawful demand for prejudgment interest. (Doc. # 34 at ¶4) Second, an unlawful demand of attorney's fees and costs. (Doc. # 34 at ¶4). Third, the filing of an allegedly "false and facially incompetent [Cach, LLC] Affidavit." (Doc. # 34 at ¶5). As in Hanson, the prejudgment interest was included in the Defendant's original complaint filed on August 29, 2012, and the statute of limitations elapsed before the Plaintiffs filed their original complaint on June 25, 2014. 2015 WL 3652838 at *3. The demand for attorneys' fees is an alleged new violation in the Amended Complaint filed December 4, 2014, (Doc. # 34 at ¶4; see Doc. # 28 Ex. D), which would fall within the one-year statute of limitations. As this is claimed to be a new violation separate from the original, this case is distinguishable from Sierra or Hanson. Sierra, 48 F. Supp. at 395; Hanson, 2015 WL 3652838 at *3. Plaintiff offered support that an unlawful assertion of legal fees

can be a violation of the FDCPA. Gionis v. Javitch, Block, Rathbone, LLP, 238 F. App'x 24, 30 (6th Cir. 2007). Finally, the alleged false affidavit was filed June 25th, 2013, within the limitations period when the Plaintiffs filed their claim. False affidavits can serve asviolations of the FDCPA. Kuria v. Palisades Acquisition XVI, LLC., 752 F. Supp. 2d 1293 (N.D. GA 2010); Williams v. Javitch, Block, and Rathbone, LLP., 480 F. Supp. 2d 1016 (S.D. Ohio 2007).

Therefore, this Court finds the alleged interest rate violation first filed on August 29, 2012, falls outside of the statute of limitations period for that violation; however, as Plaintiffs claim as new violations the affidavit and the attorneys' feesfiled June 25th, 2013, and December 4th, 2014, respectively, this Court finds those violations fall within the statute of limitations time period. This results in dismissal of Count III of the Second Amended Complaint in its entirety, and the striking of interest rate violations from the Second Amended Complaint.

**B.  The Lack of FDCPA Violations Due to Communications Sent to Attorney**

The FDCPA was created in order to "eliminate abusive debt collection practices by debt collectors . . . and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. §1692(e). Defendants argue when a consumer is represented by an attorney, the attorney—rather than the FDCPA—protects the consumer from abusive behavior. The Defense notes two cases from the United States Court of Appeals for the Second Circuit for support. Kropelnicki v. Siegel, 290 F.3d 118 (2nd Cir. 2002) and Gabriel v. American Home Mortgage Servicing, Inc., 503 Fed. App'x 89 (2nd Cir. 2012).

In Kropelnicki the Second Circuit found "[w]here an attorney is interposed as an intermediary between a debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior." 290 F.3d at 128. In Gabriel the Second Circuit reiterate the FDCPA is not violated when that consumer

is protected by officers of the court. 503 Fed. App'x. at 97 n.1.  This Court also notes District Courts within the Middle District of Florida have often found, in Motions for Summary Judgment, the FDCPA does not apply when alleged violations are sent to the attorney and not to the consumer. Milijkovic v. Shafritz and Dinkin, P.A., 2014 WL 3587550 (M.D. Fla. July 18, 2014); Acosta v. Gustino, 2014 WL 5685540 (M.D. Fla. Jun. 6, 2014); Brazier v. Law Offices of Mitchell N. Kay, P.C., 2009 WL 764161 (M.D. Fla. Mar. 19, 2009); Holliston v. Florida Default Law Group, P.L., 2008 WL 8946060 (M.D. Fla. Mar. 13, 2008).  However, at the dismissal stage, the Court must eliminate all legal conclusions and accept as true the remaining facts, then analyze those facts in a light most favorable to the non-moving party, in this case the Plaintiff.  Having done so, the Court determines dismissal at this stage of litigation is inappropriate.

Gabriel is distinguishable from this case as the alleged violations were part of the litigation process. In Gabriel the complaint concerned violations in procedure which did not meet protection under the FDCPA. 503 Fed. App'x. at 95. The instant case before the Court concerns alleged violations requesting attorneys' fees and a false affidavit, which are substantive rather than procedural. Kropelnicki is also a procedural matter in that the alleged violation was based on the opposing party's advancement of the state court action without advising the plaintiffs' attorney. 290 F.3d at 127. Also, the Second Circuit declined to rule whether or not communication to attorneys only bared FDCPA claims. Id. at 128. Finally, circuits have upheld claims similar to Plaintiffs'. Kuria, 752 F. Supp. 2d at 1303 (holding that filing a lawsuit without full knowledge of the status of the debt could violate the FDCPA and the motion to dismiss was denied based on the FDCPA claim); Williams, 480 F. Supp. 2d at 1023 (holding that a false affidavit was sufficient under the FDCPA to deny the motion); Gionis, 238 F. App'x at 30 (upholding a ruling that attorney

fees can violate the FDCPA). As such, the motion to dismiss based on the communication-to-attorneys-only argument fails.

### C. The Noerr-Pennington Doctrine as Applied to FDCPA Claims

"Under the Noerr-Pennington doctrine, those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." Sosa v. DirectTV, 437 F.3d 923, 929 (9th Cir. 2006) (citations omitted). It is "applicable to any statutory interpretation that could implicate the rights protected by the Petition Clause." Id. at 931 (citations omitted). The Supreme Court has held that litigation, as a debt collection practice, is subject to the FDCPA. Heintz v. Jenkins, 514 U.S. 291, 299 (1995).

Defense has provided one case where which claims the Noerr-Pennington doctrine applied to an FDCPA claim. However, that court declined to apply the doctrine because of allegations of "litigation-related misconduct." Sykes v. Mel Harris & Associates LLC., 757 F. Supp. 2d 413, 429 (S.D.N.Y. 2010). Also in Roban v. Marinosci Law Group, the court declined to apply the doctrine to FDCPA claims and instead the case was dismissed because the defendant was not a debt collector. 2014 WL 373828 (S.D. Fla. Jul. 29, 2014). Because the Supreme Court held litigation as a debt collection activity falls under the FDCPA, and absent a compelling reason to apply the Noerr-Pennington doctrine here, Defendants' request is denied. Accordingly, it is

**ORDERED** that the Motion to Dismiss Count III is **GRANTED** and any references to interest rate violations are **STRICKEN** from the Second Amended Complaint.. The remainder of the Motion to Dismiss is **DENIED** consistent with this Order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this the 2nd day of July, 2015.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT COURT JUDGE

Copies to: All parties and counsel of record